UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PRINCESS POPE,<br>　　　　Plaintiff,<br>　　v.<br>UNITED STATES,<br>　　　　Defendant. | Case No. 13-cv-05194-BLF<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br>[Re: ECF 33] |

This is a Federal Tort Claims Act ("FTCA") case that arises out of a slip-and-fall at a federal cemetery. Plaintiff, who was attending a family member's funeral at San Joaquin Valley National Cemetery ("SJVNC"), alleges that she fell on wet concrete that was not properly marked, sustaining injuries. She brings a claim for general negligence based on premises liability, and seeks compensatory and punitive damages. *See* Compl., ECF 1 at 10-12. Defendant moves for summary judgment based on the failure of Plaintiff to respond to requests for admission, resulting in the requests being deemed admitted. Defendant argues that the admissions entitle it to summary judgment. For the reasons offered below, the Court agrees, and GRANTS Defendant's motion.

**I.   BACKGROUND**

　**A.   Procedural History**

Some context is necessary to understand the procedural posture of this case. Plaintiff filed suit in Monterey County Superior Court on November 7, 2013. At the time she filed her Complaint, Plaintiff was proceeding pro se. Defendant removed the action to this district and answered. *See* ECF 1, 3. Defendant then filed a motion to dismiss, or, in the alternative, for summary judgment, but withdrew the motion following a case management conference before Judge Lucy Koh, to whom this case was originally assigned.

This case was reassigned to the undersigned on April 17, 2014. Defendant then renewed its motion to dismiss, or, in the alternative, for summary judgment. At a July 31, 2014 case management conference between the parties, Plaintiff requested the Court grant her an extension of time in which to obtain counsel. The Court granted her a brief extension of ten days, and Defendant elected to withdraw its motion for summary judgment. *See* Hearing Transcript, ECF 32 at 17:13-24 (Defense Counsel: "[W]e'll withdraw the motion and re-file it after August 27th." The Court: "Then we will terminate the motion right now."). Because Plaintiff had not yet responded to Defendant's written discovery, the Court ordered Defendant to send new copies of its written discovery to Plaintiff and notice her deposition,[1] and informed Plaintiff of the possible adverse consequences if she once again failed to respond:

> And let me tell you something that's very important. Mr. Scharf sent you requests for admissions. If you do not answer them on time, they will be deemed true. So the first one is admit that the defendant has no liability. If you don't answer that [] this case will be over because he will have a one-page motion for summary judgment based on your failure to respond.
>
> . . .
>
> But it is very important that you respond truthfully and under oath to the discovery and at your deposition. . . . Because if you don't respond to the written discovery, you will lose your case; okay?

Hearing Transcript at 11:25-12:6; 20:6-11.

On July 31, 2014, the same date as the case management conference, defense counsel sent Plaintiff written discovery, *see* Scharf Decl., ECF 33-1 Exh. C, which included seven requests for admission. *See id.* Exh. A at 2. Plaintiff did not respond, and defense counsel sent Plaintiff an email on September 26, 2014, advising Plaintiff that if she did not respond to the discovery requests by October 10, 2014, Defendant would file a motion for summary judgment based on her failure to respond. *See id.* Exh. D. Plaintiff did not respond, and this motion followed on October 24, 2014.

---

[1] The deposition was noticed for August 27, 2014. Plaintiff confirmed at the July 31 hearing that she was available to be deposed that date. *See* Hearing Transcript at 15:17-24 (Plaintiff: "Okay. August 27th is good.").

2

1  Plaintiff did not timely oppose the motion, and on November 12, 2014, Defendant filed its
2  reply. That same day, after the reply was filed, Plaintiff filed a document called "Judicial Notice in
3  Opposition to Defendant's Untimely Cancellation of Plaintiff's Court Ordered Deposition
4  Scheduled for November 17, 2014." *See* ECF 35. Plaintiff argued that the summary judgment
5  motion was a "bogus legal maneuver" and improper. *Id.* at 2. She further stated that she was
6  "unable to meet the November 10th date to provide documents to the defense due to medical and
7  health problems that were caused by the genuine accident at the fault of the defendant." *Id.* at 3.

8  Defendant responded, stating that Plaintiff's deposition was taken off-calendar because she
9  had failed to respond to written discovery requests. ECF 36 at 2. Defense counsel further stated
10 that Plaintiff had twice continued the deposition, first to September 29, 2014 and then again to
11 November 17, 2014. *See* Scharf Decl., ECF 33-1 at ¶ 8.

12 Defendant's motion was calendared for March 26, 2015. On March 13, 2015, Plaintiff filed
13 a proposed substitution of counsel and a set of verified answers to Defendant's requests for
14 admission, approximately seven months untimely. The Court approved the substitution of counsel.
15 *See* ECF 40. Then, on March 24, 2015, two days before the hearing on the motion was scheduled,
16 Plaintiff's counsel requested the hearing be continued because he was unavailable. Defendant
17 objected. *See* ECF 42. Because Plaintiff did not immediately inform the Court of his unavailability
18 following his substitution as counsel, and because he provided no reason why he was unavailable
19 except that he had a scheduling conflict and would be in southern California, the Court denied the
20 request. *See* ECF 43. Plaintiff's counsel did not appear in person for the hearing on the summary
21 judgment motion, nor did he request permission to appear via telephone, though Plaintiff herself
22 did appear.

23 In the motion to continue, Plaintiff's counsel intimated his belief that the summary
24 judgment motion was mooted because he had filed belated verified answers to the requests for
25 admission. The Court made clear in its March 25, 2015 Order that this was not correct under the
26 Federal Rules:

27  Plaintiff's counsel further indicates that he believes the motion for
28  summary judgment has been mooted due to his filing of verified
   responses to the Defendant's requests for admission on March 13,

3

> 2015. *See id.* at ¶ 3. This is not accurate. Defendant has sought summary judgment based on Plaintiff's failure to timely respond to its requests for admission. Under Federal Rule of Civil Procedure 36(a), a matter is deemed admitted unless a party "within 30 days after service of the request, . . . serves upon the party requesting the admission a written answer or objection." Once admitted, the matter is "conclusively established unless the court on motion permits withdrawal or amendment of the admission." *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007) (emphasis added). Plaintiff has not sought leave of Court to withdraw or amend her prior admissions pursuant to Rule 36(b). "A deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b)." *Id.* Plaintiff's late filing of verified responses thus does not render moot Defendant's motion for summary judgment.

ECF 43 at 2.

Although the Court did not invite Plaintiff to file for relief under Rule 36(b), the Court delayed issuing this Order for three weeks to allow ample time for such a motion to be filed. As of April 16, 2015, Plaintiff's counsel has not filed a Rule 36(b) motion.

### B. Rule 36(a) and the Undisputed Facts

Rule 36(a) states that a matter is deemed admitted unless:

> [W]ithin 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

Fed. R. Civ. P. 36(a).

Once a matter is admitted, it is "conclusively established unless the court on motion permits withdrawal or amendment of the admission." *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007). Defendant sent Plaintiff its requests for admission on July 31, 2014. Plaintiff did not respond within thirty days, nor did she respond when Defendant provided her with a follow-up notice giving her until October 10, 2014 to respond. *See* Scharf Decl. Exh. D. The requests are therefore deemed admitted and conclusively established. *See, e.g.*, *Conlon* at 621. Defendant thus submits these admissions as undisputed facts upon which the motion is brought:

1. Admit that defendant is not liable for your alleged injuries.

2. Admit that you did not sustain any damages as a result of defendant's conduct.

3. Admit that you did not present an administrative tort claim with a sum certain to the cemetery before you filed this lawsuit.

4

    4.  Admit that it rained on the day of the subject accident, before the accident occurred.

    5.  Admit that the cemetery had a scraper mat on the inside of the door and a mat on the outside of the door to absorb water when the subject accident occurred.

    6.  Admit that the floor was in a reasonably safe condition when the subject accident occurred.

    7.  Admit that you slipped because your shoes were wet.

*See* Mot. at 4; *see also* Scharf Decl. Exh. A at 2.

Defendant included at the bottom of these requests the warning "Please note that your failure to respond to these requests for admissions in a timely manner will cause these facts to be deemed admitted." *See* Scharf Decl. Exh. A at 2.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, *and admissions* on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (emphasis added). The Court draws all reasonable inferences in favor of the party against whom summary judgment is sought. *See, e.g.*, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In order to meet its burden, the moving party must "either produce evidence negating an essential element of the nonmoving party's claim or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). "Unanswered requests for admissions may be relied on as the basis for granting summary judgment." *Conlon* at 621 (9th Cir. 2007) (citing *O'Campo v. Hardisty*, 262 F.2d 621, 624 (9th Cir. 1958)); *Asea, Inc. v. So. Pac. Transp. Co.*, 669 F.2d 1242, 1248 ("[A] request for admission, and thus an admission itself, is not improper merely because it relates to an 'ultimate fact.'").

## III. DISCUSSION

Defendant argues that Plaintiff's uncontroverted admissions are dispositive of her claim for

negligence because they negate essential elements of her claim.

Under 28 U.S.C. § 1346(b), a claim brought under the Federal Tort Claims Act is to be governed by the law of the state where the tort allegedly occurred; as such, California law governs Plaintiff's claim. *See, e.g.*, *Yanez v. United States*, 63 F.3d 870 (9th Cir. 1995). Under California law, to prove a claim for negligence a Plaintiff must show that Defendant owed her a duty, breached that duty, and caused an injury which resulted in damages. *See, e.g.*, *Friedman v. Merck & Co.*, 107 Cal. App. 4th 454, 463 (2003). In a case sounding in premises liability, as Plaintiff's does here, the element of duty requires that a landowner "exercise reasonable care in keeping the premises reasonably safe." *See Ortega v. Kmart Corp.*, 26 Cal. 4th 1200, 1205 (2001). An owner "exercises ordinary care by making reasonable inspections of the portions of the premises open to customers, and the care required is commensurate with the risks involved." *Id.* To show causation:

> [Plaintiff] must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was cause in fact of the result. . . . [S]peculation and conjecture with respect to how long a dangerous condition has existed are insufficient to satisfy a plaintiff's burden.

*Id.* at 1205-06 (internal citations omitted). This means the Plaintiff must show that Defendant's actions were a "substantial factor" in bringing about her injury. *See Saelzler v. Adv. Grp. 400*, 25 Cal. 4th 763, 774 (2001).

The Court agrees that Plaintiff's admissions render her unable to carry her burden of persuasion with regard to breach, causation, or damages, three of the four essential elements of a negligence claim arising out of premises liability.

First, she admits that the "floor was in a reasonably safe condition when the subject accident occurred." Scharf Decl. Exh. A at 2 (Request for Admission No. 6). She further admits that Defendant took reasonable precautions to prevent individuals from falling on the day of the accident: it was raining, *see id.* (Request for Admission No. 4), but the cemetery "had a scraper mat on the inside of the door and a mat on the outside of the door to absorb water." *Id.* (Request for Admission No. 5). These uncontroverted facts mean that Plaintiff cannot show that Defendant breached its duty to exercise reasonable care because Plaintiff concretely admits that Defendant did exercise such care.

Second, Plaintiff cannot show causation or resulting damages, because she admits that she "did not sustain any damages as a result of defendant's conduct." *Id.* (Request for Admission No. 2). She further admits that defendant is not liable for any of her alleged injuries. *Id.* (Request for Admission No. 1).

Because Plaintiff's uncontroverted admissions establish that Defendant did not breach a duty to her and did not cause her any injury that resulted in damages, Defendant is entitled to summary judgment as to Plaintiff's premises liability negligence claim.

## IV. ORDER

Plaintiff has repeatedly failed to comply with her obligations in this matter, including her multiple failures to respond to Defendant's written discovery while she was proceeding in this action pro se. *See Brown v. Rumsfeld*, 211 F.R.D. 601, 605 (N.D. Cal. 2002) (stating that pro se Plaintiffs "must follow the same rules of procedure that govern other litigants"). Despite warnings by this Court, *see* Hearing Transcript at 11:25-12:6; 20:6-11, and written warnings provided by Defendant's counsel, *see* Scharf Decl. at 2 (stating, immediately below the requests for admission, that "your failure to respond to these requests for admissions in a timely manner will cause these facts to be deemed admitted"), Plaintiff did not timely respond to Defendant's brief discovery requests. Though Plaintiff eventually obtained counsel, her counsel has failed to file any motion with the Court to withdraw or amend these admissions under Rule 36(b).

The Court therefore GRANTS Defendant's motion for summary judgment.

**IT IS SO ORDERED.**

Dated: April 16, 2015

BETH LABSON FREEMAN
United States District Judge